Mr. Pratt. Good morning, Your Honors. May it please the Court. I presume we're saving the best for last. I represent the plaintiffs, Melissa Morton, Ken Adler, and Federal Homeowners Association. I would like to reserve five minutes if necessary of my time. This is my first time before the Ninth Circuit Court of Appeals. I'm not 100% familiar with all the rules, Your Honors. I'm not very good at technology. I'd like to thank your staff, Ms. August and Ms. Manning, who are here on Zoom. I'd also like to comment that COVID has ruined everything. I live in the Pasadena area. I was so excited to appear before Your Honors personally because I've been by the courthouse and I've actually taken a tour of the courthouse by your tour guide whose name is Mary, who is a wonderful woman, and I led a Boy Scout tour of the courthouse. I apologize for wasting the court time. Mr. Pratt, who is Marcia Stern? That is the former owner of the property who is now deceased. She passed away in 2018, Your Honor. And did she record the default? She recorded a DOT, but she did not record the default. No, Your Honor. The United States of America did. We just would like clear title to the property, Your Honor. Are you sure she didn't record the default? My understanding is the United States did. Am I incorrect on that, Your Honor? I'm asking you. I believe the United States did. I answered Your Honor's question. I can look that up for you if you give me a moment. There is a list pendants that was filed by the United States of America on October 15, 2007. There's a judgment filed by the United States of America on October 20, 2008. The United States has disclaimed both of those. Who recorded it in the public record? The United States. The United States has disclaimed both those documents in writing. However, the disclaimer does not specifically reference either the list pendants or the judgment. I don't understand what difference that makes. It says any interest. So any interest includes any interest, including the list pendants and the default. So whatever use it would be to you to have a disclaimer that names the particular documents, you have it. Now, if there's a different problem, which is that the documents remain on file, that's a problem inherent in the limited jurisdiction over the United States in a quiet tile action. I would hope and assume that there's some answer to it, i.e., you can take this to the recorder and say, now record this, this disclaimer, and that should take care of the problem. But even if that's not true, whatever this problem is, it's inherent in the statute, in the system, but it's not, it doesn't have anything to do with the wording they used in the disclaimer, does it? What's wrong with the wording in the disclaimer? The title insurance company will not accept that, and that's not acceptable, Your Honor, to the world because... And it would be if it said the list pendants and the default? Yes. Well, then they're acting irrationally and you should sue them because any includes list pendants and the default. Respectfully, I believe the United States is acting irrationally by not simply saying we disclaim any and all interest in the list pendants on 8801 Riderwood Avenue, instrument number XYZ PDQ, and we waive that list pendants. Notwithstanding that, Your Honors, the list pendants was not sent by certified mail as is required by the statute, and the list pendants, a certified copy thereof, is also... Well, whatever's true... Go ahead. Whatever's true about that is way long past the time and you aren't part of it. But that's the reason to set aside the list pendant. All we need, Your Honor, is a document either from this honorable court or from the United States of America saying they disclaim these two instruments. All right. So if we write an opinion that says that this disclaimer that says any interest includes the list pendants and the default, then that'll do it. Yes, Your Honor. I'll take it. Yes. Yes. Yes, Your Honor. Your Honors. I... That's all I need, Your Honor. Problem solved. Can I bring an order to the court by 1.30? Well, we can write an order, but that's obviously what this meant, but the district court didn't say that? No, Your Honor. And I defer to my learned friend, Ms. Erickson. I can submit something. I believe I submitted something to the U.S. Attorney's Office. I believe I'm precluded from discussing settlement. Right. But I tried to avoid this hearing, and I don't like to sue the United States of America. I've been a citizen for 58 years of the United States of America, and I like living here. Okay. So would Your Honors be inclined to write such an order, and then we can... We haven't conferred, but since it is my understanding of what any means, we will see. Do you want to continue arguing, or do you have anything else to say? I think I would further say that the judgment is largely defective because they serve the trust, and a trust is not an entity that can be served, and they didn't name the individuals in the trust. So the judgment is void, as well as the lispendence. So we'd like it all set aside, and if I could submit an order for the court, or if the court would draft an order excluding those two specific instruments by date, rank, serial number, and instrument number, then the plaintiffs will gladly thank the court for its time and consideration in doing so. Okay. Thank you very much. Ms. Erickson. We can't hear you. I'm sorry. Should I... How about you, Ms. Erickson? Not even my sticky notes. Unmute worked. Okay. Mary Ann Erickson on behalf of the United States. May it please the court, under the statute, the Quiet Title Statute 28 U.S.C. 2409A, a suit to quiet title can only be resolved through the application of this statute. It's the exclusive remedy for any type of title dispute against the United States. Under the statute, as I'm sure you know, the United States can disclaim its interest, and then the district court is without any jurisdiction to consider other claims. So, what ordinarily happens in these cases? I mean, there is something sitting there in the court's office, I take it. By disclaiming an interest, you're essentially saying it has no continuing validity. But it sits there, and it never goes away? It's our understanding, and it's the practice of every U.S. attorney's office I'm aware of, that we simply file a disclaimer of interest. In fact, we often file a disclaimer of interest on behalf of the Internal Revenue Service, which was the agency involved here. But in this case, just to be sure that it was very clear, as broad as possible, we disclaimed all interest on behalf of the entire United States government. But who did record these documents? Do we know that? Well, I know that we record the notice of lease pendants. I'm sorry, I don't know who recorded the notice. And disclaiming doesn't include notifying the recorder's office that it's no longer valid, that it should be taken off? No, ma'am, that's not part of the general procedure, is my understanding. Excuse me. Isn't it just like any real estate transaction, any transaction affecting title, that it's recorded, and then if it's satisfied, it's like satisfaction of mortgage or a disclaimer of the spendants, right? You can't take it out of the record once it's there. But is the disclaimer then recorded? Could it be recorded? Yes. So you could just record the disclaimer? That's my understanding, Your Honor. And furthermore, that's not... The disclaimer was recorded? Are you saying the disclaimer was recorded? Well, actually, I'm sorry, but I'm not entirely sure. I know that the assisting U.S. attorney filed it. I believe she recorded it. I believe she had walked it over to the courthouse and... No, we don't mean that. Meemaw recorded it in the real estate office. Files. In the accounting recorder's office. I'm sorry, I don't know the answer to that question off the top of my head. We could certainly find out. It could certainly be recorded by the U.S. attorney's office if that was necessary, but I don't think that they ordinarily have to do that. But I can check on that. But would they be adverse to filing it? To recording it? To recording it? If it hasn't been done already, I don't think that we would be adverse to that. The problem with this case is that that's not really all that the plaintiffs have been asking for. They've been asking for the United States to enter into some sort of a stipulation that both the lease pendants and this default judgment were void ab initio. Well, of course, you have no obligation to do that. You couldn't just mediate this thing. Is this just worth sending this to our mediators and having you agree that you're going to go record it and he then agreeing that that's the end of it? There may be ulterior motives behind this, but it does appear that at least the United States, it seems like an incomplete disclaimer to just say I disclaim it and not record or in some way effectuate the disclaimer. And if you say you're willing to do that, then that should be the end of the matter. So perhaps you could just get back to us as to whether it's been done or could be done or will be done. Actually, due to the beauties of technology, I'm emailing the trial attorney right now, but I don't know what. I thought it had been recorded, but I can't find it. My notes offhand, but my notes indicate that Ms. Stern filed the default. We're not talking about the default. What do you have to say about the request that we do something about the default? Well, Your Honor, we don't really have a dog in that fight. I mean, we have gotten the taxes paid that were the source of the lien that we had on that property. We no longer have an interest in the property. I don't think that we really take a position on that default judgment. We don't think that we have the power to declare it to be void ab initio. You're very limited because this is an issue of sovereign immunity. So we look at that statute pretty narrowly, don't we? All you really can do under the statute is file a disclaimer, and I would assume record it, too. Well, apparently we did not record the disclaimer. I just got an email back from the trial attorney, but I'm asking her, could we, and is there any reason we couldn't? I don't know the answer to that. I think the answer is... Well, the plaintiff could record it. The plaintiff could record it. Right. I don't see why not, and I don't know why they haven't done that. But what I'm hearing is that, in general, what happens is we simply file a disclaimer of all interest, and in 99% of the cases, in fact, I don't know of any other case where that hasn't been sufficient. As Judge Berzon was saying, a disclaimer of any interest in the property seems sufficient for any and all purposes. We're not continuing to assert that we have any interest in the property, either through the defendants or through the default judgment. We are simply saying that, under the statute, all we're required to do is to file a disclaimer. We have done that. The district court has no jurisdiction to do anything more. All of these other things that the plaintiffs are raising, that there's jurisdiction through this, that, or the other thing, those are irrelevant because the thrust of their entire complaint, the only relief they're asking for is to quiet title to this property, and there is nothing more that the United States can do to help them do that. They have had 20-plus other lawsuits ongoing that have to do with this that we cannot resolve for them. We have done everything that we can do, and the district court really could not do anything more in this case. Okay. Anything else? Thank you for your time, Your Honors. Why didn't you file the disclaimer? Record it. Why didn't you record the disclaimer? I don't think it was ever given to us. It's a public record. What do you mean? There's an order in court. There's a document that was filed in court. My understanding is the disclaimer is defective because it does not specifically reference the Liz Pendens and the judgment. Have you tried to record it? I'm sorry, Your Honor? Have you tried to record it? No, I have not. So you're coming in here and telling us the injury is that the title is unmarketable because of this and you haven't even filed it. So there can't be a record. You can't point to a record showing that the title is unmarketable because you haven't even recorded the disclaimer. I spoke with someone. I don't remember when. But the United States needs to reference the two instruments that they filed against the property so I can clear the title. If they just say that A and B to the disclaimer are waived, then that should suffice. In my view, the default is completely different from the disclaimer. And I don't know what responsibility the government has there. If the government filed the Liz Pendens, they have a duty to withdraw that Liz Pendens. Well, we have to disclaim the Liz Pendens. I'm sorry, Your Honor? They disclaimed it. Isn't that withdrawing it? No. Well, they haven't physically withdrawn it, but they give you a piece of paper that you can now come and record it, which will... And you keep saying it has to be specific, but any includes any. So it doesn't make any sense. Can I get an order from this court saying that and I'll file that along with the disclaimer and then I'll be done with this. All right. Thank you very much, both of you. Morton v. United States v. of America is submitted and we are in recess. Thank you.
judges: BERZON, RAWLINSON, Antoon